UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE ANN JUSTICE,

        Plaintiff,

v.                                Case No:   6:18-cv-01771-Orl-37EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
_____/

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to subchapter XVI of the Social Security Act (the "Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of a final decision of the Commissioner of the Social Security Administration (the "Commissioner") denying her claim for Disability Insurance Benefits ("DIBs") under the Act. (Doc. 1) Upon a review of the record, including the transcript of the proceedings before the Administrative Law Judge ("ALJ"), the ALJ's decision, the administrative record, and the pleadings and joint memorandum submitted by the parties, I respectfully recommend that the Commissioner's final decision in this case be affirmed, pursuant to sentence four of 42 U.S.C. § 405(g).

### I.    BACKGROUND

Plaintiff filed an application for DIBs on February 20, 2009, claiming that her disability began on October 16, 2008. Tr. 122, 305–308. On November 17, 2009, she was found to be disabled beginning on October 16, 2008. Tr. 16. On January 21, 2014, the Social Security Administration notified Plaintiff of its determination that her disability had ceased and that she was no longer eligible to receive DIBs. Tr. 123–127. On June 23, 2014, Plaintiff attended a hearing before a Disability Hearing Officer, Tr. 129–134, and on July 18, 2014, the Social Security

Administration affirmed its finding that Plaintiff was no longer disabled in a Notice of Reconsideration, Tr. 135–143. Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), and one was held on January 5, 2017. Tr. 40–90, 150. On June 23, 2017, the ALJ also found that Plaintiff's disability had ceased by January 21, 2014. Tr. 13–39. Plaintiff's request for review by the Commissioner's Appeals Council was denied on February 2, 2018. Tr. 7–11. On August 31, 2018, the Appeals Council set aside its prior decision to consider additional information, but ultimately again denied the request for review. Tr. 1–6. On October 19, 2018, Plaintiff initiated the present action. (Doc. 1.)

## II.     THE ALJ'S DECISION

The Social Security regulations set forth an eight-step sequential evaluation process followed to determine whether a claimant's disability continues:

(1) The claimant must not be engaged in "substantial gainful activity."

(2) It must be determined whether the claimant's severe impairment meets or equals the severity of a listed impairment. If the claimant's condition meets or equals the level of severity of a listed impairment, the claimant's disability continues. If the severe impairment does not equal or meet the severity of a listed impairment, the examiner proceeds to the third step.

(3) The examiner assesses whether there has been medical improvement of the claimant's condition.

(4) If there has been medical improvement, it must be determined if that improvement is related to the ability to do work. If there has not been medical improvement, the examiner proceeds to the fifth step.

(5) The examiner determines whether any exceptions listed in 20 C.F.R. § 404.1594(d) – (e) apply.

(6) If there has been medical improvement, it must be determined whether the claimant has a severe impairment or combination of impairments. If the severe impairment does not equal or meet the severity of a listed impairment, the examiner proceeds to the seventh step.

> (7) The examiner assesses the claimant's residual functional capacity ("RFC"). The assessment measures whether a claimant can perform past relevant work despite his or her impairment. If the claimant is unable to do past relevant work, the examiner proceeds to the eighth step.
>
> (8) The eighth and final step of the evaluation process requires the examiner to determine whether, in light of his or her RFC, age, education and work experience, the claimant can perform other work.

20 C.F.R. § 404.1594(f)(1)–(8); *see also Townsend v. Comm'r of Soc. Sec.*, No. 6:13-cv-1783-Orl-DAB, 2015 U.S. Dist. LEXIS 21887, at *6–7 (M.D. Fla. Feb. 24, 2015). In cessation cases, the "appropriate inquiry is whether the Secretary's finding of improvement to the point of no disability is supported by substantial evidence." *Whetstone v. Barnhart*, 263 F. Supp. 2d 1318, 1322 (M.D. Ala. 2003) (quoting *Chumbley v. Shalala*, Case No. 92-12VAL (RHL), 1994 WL 774030 at *3 (M.D. Ga. Nov. 22, 1994) (citations omitted)).

Here, the ALJ performed the required eight-step sequential analysis. Tr. 16–29. At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through the date of the decision. *Id.* at 18. At step two, the ALJ determined that since January 21, 2014, Plaintiff has had the following impairments, which are "severe": a history of bipolar disorder, a history of obesity, a history of obstructive sleep apnea, a history of chronic obstructive pulmonary disorder ("COPD"), a history of tobacco abuse, a history of chronic lymphedema, a history of gastroesophageal reflux disorder, and a history of non-insulin-dependent diabetes. *Id.* However, Plaintiff did not have an impairment or combination of impairments that met or equaled the severity of a listed impairment. *Id.*

At step three, the ALJ found that medical improvement had occurred as of January 21, 2014, and as to step four, the medical improvement related to work because the impairments no longer met the listing. *Id.* at 20–21. Because there had been medical improvement, the ALJ could proceed to step six, where he determined that Plaintiff continued to have a severe impairment or

combination of impairments. *Id.* at 21. At step seven, the ALJ found that Plaintiff had the RFC to perform a range of light work with several limitations, *id.*, but has been unable to perform her past relevant work since January 21, 2014, *id.* at 27. Finally, at step eight, the ALJ determined that Plaintiff could perform a significant number of jobs in the national economy in light of her age, education, work experience, and RFC. *Id.* at 28.

### III.   STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the findings are supported by substantial evidence. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (per curiam). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (internal quotation marks omitted).

When the Commissioner's decision is supported by substantial evidence, the district court will affirm even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the preponderance of the evidence is against the Commissioner's decision. *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). The district court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner.]" *Id.* However, though the review is limited, "the entire record must be scrutinized to determine the reasonableness of the Secretary's factual findings." *Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992).

### IV. DISCUSSION

### A. Issue One: Whether the ALJ's finding that medical improvement occurred as of January 21, 2014, was based on the correct legal standards and supported by substantial evidence.

Plaintiff contends that the ALJ erred in his determination that medical improvement had occurred as of January 21, 2014, because he failed to compare the current medical evidence with the original medical evidence. (Doc. 14 at 13.) In support, Plaintiff argues that there is "no evidence in the current record [that the ALJ considered] Ms. Justice's hospitalization from 2008 which is the basis for her original disability finding." (*Id.*) By contrast, the Commissioner responds that the ALJ considered evidence from Plaintiff's original disability finding; had a psychological expert, Dr. Hamrick, compare Plaintiff's original condition to her medical records at the January 5, 2017, hearing; and sent post-hearing interrogatories in which Dr. Hamrick discussed the original findings and why Plaintiff no longer met a listing. (*Id.*) The Commissioner further notes that Plaintiff does not contest Dr. Hamrick's findings or the weight the ALJ gave the findings, and that Plaintiff does not allege that the October 2008 hospitalization records were considered in the original decision. (*Id.*)

In his decision, the ALJ established that November 17, 2009, was the "comparison point decision, as it is the date of the most recent favorable medical determination for her disability." Tr. 20. The ALJ then specifically noted, "At the [comparison point decision], medical records revealed multiple psychiatric hospitalizations due to frequent decompensation from her bipolar disorder." *Id.* Moreover, Dr. Hamrick testified that he reviewed Plaintiff's medical records and concluded that she no longer met the listing that previously formed the basis for her disability benefits. Tr. 55–56. Indeed, Dr. Hamrick specifically mentioned an episode of decompensation in

2008. Tr. 65. The record also contains treatment records that incorporate prior treatment records from 2008. *See, e.g.*, Tr. 608–611.

Plaintiff does not identify any medical records other than those from her "hospitalization from 2008" that the ALJ failed to consider (Doc. 14 at 13.) Although Plaintiff does not contest the ALJ's findings, arguably waiving the issue, *see Sanchez v. Comm'r of Soc. Sec.*, 507 F. App'x 855, 856 n.1 (11th Cir. 2013), the record demonstrates that, contrary to Plaintiff's claim, the ALJ properly compared prior and current medical evidence in determining that Plaintiff's condition had improved.

### B. Issue Two: Whether the ALJ's findings at step five are based on the correct legal standards and supported by substantial evidence.

The ALJ determined Plaintiff had the residual functional capacity to perform:

> a range of light work as defined in 20 CFR 404.1567(b) with the following limitations: In an eight-hour workday, the claimant can sit, stand and walk with reasonable and customary breaks for six hours each. She can occasionally lift/carry 20 pounds and more frequently lift/carry 10 pounds or less. Within these weight limitations, she can occasionally use her upper or lower extremities to perform the push/pull operation of arm/hand or foot/pedals controls. She can climb ramps and stairs occasionally but she can never climb ropes, ladders or scaffolds. She can occasionally perform all other postural activities. She can frequently perform manipulative activities such as reaching in all directions, handling, fingering and feeling. She has no limitations in her ability to see, speak and hear. She is precluded from working at unprotected heights and work around dangerous moving machinery. She needs a well-structured work environment performing simple, rote and repetitive tasks that do not changed [sic] materially from one day to the next. She can have occasional interaction with the general public, co-workers and supervisors and no work requiring her to meet a strict production goal or quota such as assembly type jobs. She works better with things rather than with other people. She needs a clean air environment.

Tr. 21.

Despite determining that Plaintiff needed a "clean air environment," the ALJ did not include a restriction for a clean-air environment in his hypothetical question posed to the vocational expert. Tr. 83–84. Plaintiff argues that this omission is fatal. (Doc. 14 at 16.) The Commissioner counters that the omission was harmless because, according to the Dictionary of Occupational Titles ("DOT"), none of the jobs identified by the vocational expert involved exposure to "(1) toxic or caustic chemicals, (2) heat, (3) cold, (4) atmospheric conditions, (5) humidity, (6) weather, (7) atmospheric conditions or (8) other environmental conditions." (*Id.* at 17 (citing DOT § 209.587-010, 1991 WL 671797 (addresser); 209.587-034, 1991 WL 671802 (marker); 222.587-038, 1991 WL 672123 (router); 249.587-018, 1991 WL 672349 (document preparer).)

This case is analogous to the unpublished opinion in *Jones v. Commissioner of Social Security*, 492 Fed. App'x 70 (11th Cir. 2012) (per curiam). In that case, the ALJ did not include a driving limitation in his hypothetical question to the vocational expert, and as a result, the court found that "the VE's testimony may not constitute substantial evidence upon which the ALJ could base his opinion." *Id.* at 73. Nevertheless, the ALJ's omission was harmless because "the functional requirements of the jobs identified by the VE—final assembler, lens-block gauger, and food and beverage order clerk—do not appear to involve driving. Moreover, [the plaintiff] makes no argument that the essential function of any of these jobs includes driving." *Id.*

Likewise, as noted by the Commissioner, none of the jobs identified by the VE, and as defined in the DOT, appear to involve exposure to unclean air. Moreover, Plaintiff has not made an argument that the essential function of any of the identified jobs requires exposure to unclean air. Therefore, the ALJ's failure to include the clean air limitation "was harmless because it did not affect the outcome of [Plaintiff's] case." *Id.*; *see also Sanchez v. Comm'r of Soc. Sec.*, 507 F.

App'x 855, 856 (11th Cir. 2013) (noting that remanding for express findings would be inappropriate if "doing so would be a wasteful corrective exercise in light of the evidence of record and when no further findings could be made that would alter the ALJ's decision" (internal quotation marks omitted)).

## V.     RECOMMENDATION

Upon consideration of the foregoing, I **RESPECTFULLY RECOMMEND** that the Court:

1. **AFFIRM** the Commissioner's final decision in this case; and
2. **DIRECT** the Clerk to enter judgment accordingly and **CLOSE** the file.

### NOTICE TO PARTIES

A party has **fourteen days** from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on January 6, 2020.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Parties