UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

STEPHANIE ANN JUSTICE,

Plaintiff,

v. Case No. 6:18-cv-1771-Orl-37EJK

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

---

# ORDER

Plaintiff Stephanie Ann Justice ("**Justice**") appeals the Commissioner of the Social Security Administration's ("**Commissioner**") final decision denying her disability benefits. (Doc. 1.) On referral, United States Magistrate Judge Embry J. Kidd ("**Judge Kidd**") recommends affirming the Commissioner's final decision. (Doc. 16 ("**R&R**").) Justice objected to the R&R (Doc. 17 ("**Objection**")) and the Commissioner responded (Doc. 18 ("**Response**")). Upon consideration, the Objection is overruled, the R&R adopted.

## I. BACKGROUND

Justice applied for benefits on February 20, 2009. (Tr. 122.)[1] On November 17, 2009 she was found disabled, beginning October 16, 2008, with a history of: bipolar disorder,

[1] The social security transcript of administrative proceedings (Doc. 12 and attached appendices) will be cited as "Tr. __." Pages will be referred by the bottom right number.

obesity, obstructive sleep apnea, chronic obstructive pulmonary disorder, tobacco abuse, chronic lymphedema, gastroesophageal reflux disorder, and non-insulin dependent diabetes. (Tr. 16, 18.) These impairments were considered severe. (*Id.* at 18.) About four years later, on January 21, 2014, the Social Security Administration notified Justice she was no longer considered disabled, making her ineligible for benefits. (Tr. 123–27.) Justice requested a hearing before an Administrative Law Judge ("**ALJ**"), who issued an unfavorable decision; her request for review from the Commissioner's Appeals Council was denied. (Tr. 1–11, 13–39.) Justice appealed the final decision. (Doc. 1.)

There are two issues on appeal: (1) whether the ALJ's finding that medical improvement occurred as of January 21, 2014 is based on the correct legal standards and supported by substantial evidence; and (2) whether the ALJ's findings at step five of the analysis are based on the correct legal standards and supported by substantial evidence.[2] (Doc. 14, pp. 11–18.) On referral, Judge Kidd recommends affirming the Commissioner's decision. (Doc. 16, p. 8.) With Plaintiff's Objection and Defendant's Response, the matter is ripe. (*See* Docs. 17, 18.)

## II. LEGAL STANDARDS

When a party objects to a magistrate judge's findings, the district court must "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole

[2] At step five, the ALJ made a determination on Justice's residual functional capacity to perform certain tasks. (Doc. 14, pp. 15–18; Doc. 16, pp. 2–3, 6–8); *see also* 20 C.F.R. § 404.1594(f)(1)–(8).

or in part, the findings or recommendations made by the magistrate judge." *Id.*

## III. ANALYSIS

### A. Finding of Medical Improvement

Justice objects only to Judge Kidd's finding that the ALJ properly compared her original medical evidence to the current medical evidence when finding medical improvement. (Doc. 17, p. 2.) Upon *de novo* review, the Court agrees with Judge Kidd.

"To determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence." *Gombash v. Comm'r, Soc. Sec. Admin.*, 566 F. App'x 857, 859 (11th Cir. 2014) (citing *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985)). When terminating benefits, the Commissioner cannot "focus only on new evidence" but must also consider the "evidence upon which the claimant was originally found to be disabled." *Id.* (citing *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)). "Without a comparison of the old and new evidence, there can be no adequate finding of improvement." *Id.* (citing *Vaughn*, 727 F.2d at 1043). The ALJ "must 'actually compare' the previous and current medical evidence." *Klaes v. Comm'r, Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012) (quoting *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984)). Courts must reverse and remand if the ALJ "fails to evaluate the prior medical evidence and make such a comparison." *Id.*; *see also Vaughn*, 727 F.3d at 1043 (remanding because "the ALJ focused only on current evidence of whether [the claimant] was disabled").

Justice claims the decision must be reversed and remanded because the ALJ did not consider her 2008 hospitalizations when finding medical improvement. (Doc. 14, pp. 11–14; Doc. 17, p. 2–4.) She claims this was error because the 2008 hospitalizations served as the basis for the original finding of disability on November 17, 2009—which is the comparison point decision ("**CPD**") for the medical improvement analysis. (Doc. 17, p. 2; Tr. 16); *see Williams v. Apfel*, 73 F. Supp. 2d 1325, 1330 (M.D. Fla. 1999).

But, as Judge Kidd correctly found in the R&R, the ALJ didn't ignore her 2008 hospitalizations. The ALJ noted, "[a]t the CPD, medical records revealed multiple psychiatric hospitalizations due to frequent decompensation from her bipolar disorder" and testimony indicated "she has not had any episodes of decompensation since 2008." (Tr. 20, 24.) At the ALJ hearing, a psychological expert, Dr. Hamrick, testified he reviewed Justice's medical records, specifically mentioning an episode of decompensation in 2008. (Tr. 44–45, 55–56, 65.) And the record contains evaluations summarizing prior hospitalizations. (*See, e.g.*, Tr. 608–611.)

And, as Judge Kidd pointed out, Justice failed to "identify any medical records other than those from her 'hospitalization from 2008' that the ALJ failed to consider." (Doc. 16, p. 6.) Importantly, the ALJ would only be required to view certain documents if they had been part of the original record from the CPD. *See Vaughn*, 727 F.2d at 1043 (explaining the ALJ must compare the current evidence to "the medical evidence *upon which* [the claimant] was originally found to be disabled." (emphasis added).) Justice never alleges, nor is there evidence that, the actual 2008 hospital records were considered

in 2009. Now, for the first time in her Objection,[3] Justice points to the first sentence in the CDR Analysis form summarizing CPD findings as evidence of hospital records the ALJ failed to consider: "Stewart-Marchman records show two severe bipolar decompensations in 10/08 and 12/08." (Doc. 17, p. 3; Tr. 548.) But this isn't evidence of anything. The CDR Analysis Form does not specify what "Stewart-Marchman records" it was referring to and the social security transcript includes multiple Stewart-Marchman records, and other records, summarizing her prior hospitalizations. (*See, e.g.* Tr. 608, 628.) The CDR Analysis Form was completed in 2014—years after the CPD—so doesn't indicate what records were before the ALJ at the CPD. And it is still unclear what "records" Justice wanted the ALJ to consider.[4] So Justice has failed to identify records considered at the CPD and not considered in 2014.

The record demonstrates the ALJ carefully discussed the medical expert's findings that, from the CPD to the present, Justice had made significant medical improvement and was no longer disabled. (*See* Tr. 23–25; 56–57.) The Commissioner properly compared "the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence"; the decision is affirmed. *See Gombash*, 566 F. App'x at 859; *cf. Klaes*, 499 F. App'x at 896–97 ("The ALJ did not mention, much less

---

[3] Raising new arguments and evidence for the first time in an objection to a magistrate judge's report is inefficient and thwarts the purpose of the Magistrate Act. *Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). The Court notes it would be within its discretion to not consider this new material, but it will do so here. *See id.*

[4] Justice has never provided any records to the Court nor is there any other evidence hospital records from 2008 have appeared in any administrative record.

compare, the medical evidence of [the claimant's] impairments between 1999 and 2003 that was relied upon to make the original 2003 disability determination"); *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984) (ALJ "did not actually compare the old and new evidence but simply determined that [the claimant] did not now suffer . . . .").

### B. Step Five Analysis

Justice does not object to the R&R's conclusion that the the ALJ's findings at step five (Justice's residual functional capacity to perform certain tasks) are based on the correct legal standards and supported by substantial evidence. (*See* Doc. 17.) Because Justice did not offer specific objections to that portion of the R&R, the Court reviews it only for clear error. *See Wiand v. Wells Fargo Bank, N.A.*, No. 8:12-cv-557-T-27EAJ, 2016 WL 355490, at *1 (M.D. Fla. Jan. 28, 2016); *see also Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). Finding no clear error, the Court determines this portion of the R&R is due to be adopted.

## IV. CONCLUSION

It is **ORDERED AND ADJUDGED**:

1. Plaintiff Stephanie Ann Justice's Objection to the Report and Recommendation (Doc. 17) is **OVERRULED.**
2. U.S. Magistrate Judge Embry J. Kidd's Report and Recommendation (Doc. 16) is **ADOPTED, CONFIRMED**, and made a part of this Order.
3. The Commissioner's final decision is **AFFIRMED.**
4. The Clerk is **DIRECTED** to enter judgment in favor of Defendant

Commissioner of Social Security and against Plaintiff Stephanie Ann Justice, and to close the file.

**DONE AND ORDERED** in Chambers in Orlando, Florida, on February 6, 2020.



ROY B. DALTON JR.
United States District Judge

Copies to:
Counsel of Record